

# Office of the Attorney General
## State of Texas

**DAN MORALES**
ATTORNEY GENERAL

July 29, 1996

Ms. Nora A. Linares
Executive Director
Texas Lottery Commission
P.O. Box 16630
Austin, Texas 78761-6630

Opinion No. DM-408

Re: Whether Government Code section 467.025(a)(5) prohibits a member of the Texas Lottery Commission from, in his or her capacity as a private citizen, soliciting contributions or advising a contribution to a political candidate and related question (RQ-882)

Dear Ms. Linares:

Government Code section 467.025(a)(5) provides that a member of the Texas Lottery Commission may not "directly or indirectly coerce, attempt to coerce, command, or advise a person to pay, lend, or contribute anything of value to another person for political purposes." You ask whether section 467.025(a)(5) prohibits a commissioner, acting in an unofficial, personal capacity, from participating in the political process by either individually, or as a member of a group, soliciting or advising contributions be made to political candidates. If it does, we understand you to ask whether section 467.025(a)(5) contravenes the First Amendment of the United States Constitution.

Section 467.025(a)(5) expressly prohibits a commissioner from advising a person to make a political contribution, and by its terms, the section encompasses unofficial, as well as official, conduct. In addition, although section 467.025(a)(5) does not explicitly prohibit a commissioner from soliciting a political contribution, we construe the statute to preclude it. The section thus prohibits a commissioner from soliciting a political contribution in his or her personal capacity. Finally, we do not believe a court would find section 467.025(a)(5) unconstitutional on its face, although certain applications of the statute may be unconstitutional.

We begin by briefly describing the provision in question. Government Code section 467.025(a) generally lists conduct that is prohibited to a member of the commission. With the exception of subsection (4), section 467.025(a) applies to personal, as well as official, conduct:

A commission member may not:

(1) accept any employment or remuneration from [certain entities];

(2) play any lottery or bingo game conducted in this state;

(3) accept or be entitled to accept any part of the winnings to be paid from a lottery or bingo game conducted in this state;

(4) use the member's *official* authority to affect the result of an election or nomination for public office; or

(5) directly or indirectly coerce, attempt to coerce, command, or advise a person to . . . contribute . . . to another person for political purposes. [Emphasis added.]

A member who violates these prohibitions is subject to removal by the governor.[1] Because the legislature explicitly has limited section 467.025(a)(4) to a commissioner's official authority, we believe that the legislature likewise expressly would have restricted the scope of subsection (a)(5) to conduct in the member's official capacity if the legislature had desired to except actions taken in the commissioner's personal capacity. Particularly in the absence of such an explicit limitation, we must construe section 467.025(a)(5) to apply to a commissioner's official and unofficial conduct.

Section 467.025(a)(5) thus explicitly forbids a commissioner, in his or her personal capacity, from advising a person to contribute for political purposes. The statute does not, however, expressly forbid a commissioner to solicit a political contribution. Furthermore, while the terms "coerce," "command," and "advise" may imply a relationship in which one party is perceived as superior to the other, the term "solicit" may suggest a straightforward request in a relationship of equals.[2] We therefore proceed to consider whether section 467.025(a)(5) precludes solicitation.

In our opinion, the legislature patterned section 467.025(a)(5) after 5 U.S.C. § 1502(a)(2), which is part of the Hatch Act.[3] Section 1502(a)(2), 5 U.S.C., forbids an officer or employee of a state or local agency that receives federal funds[4] to "directly or indirectly coerce, attempt to coerce, command, or advise" another state or local officer to make a political contribution. The phrase "directly or indirectly coerce, attempt to coerce, command, or advise" appears verbatim in Government Code section 467.025(a)(5). Given that the federal provision originally was enacted in 1940,[5] while the Lottery Com-

---

[1]Gov't Code § 467.026(a)(3).

[2]*Compare* WEBSTER'S NINTH NEW COLLEGIATE DICTIONARY 59, 256, 264 (1990) (defining "advise," "coerce," and "command," respectively) *with id.* at 1122 (defining "solicit").

[3]5 U.S.C. ch. 15.

[4]*See* 5 U.S.C. § 1501(4); *Bauers v. Cornett*, 865 F.2d 1517, 1520 (8th Cir. 1989).

[5]Act of July 19, 1940, ch. 640, 54 Stat. 767 (1940) (codified as amended at 5 U.S.C. § 1502).

mission's counterpart was enacted in 1993,[6] we believe the state legislature lifted the quoted phrase out of the federal law. Consequently, we believe we must construe the state law consistently with the federal law.

At least one federal court has construed 5 U.S.C. § 1502(a)(2) to apply to the solicitation of funds.[7] We accordingly construe Government Code section 467.025(a)(5) to prohibit soliciting, as well as coercing, commanding, or advising a political contribution. Section 467.025(a)(5) thus forbids a member of the Lottery Commission to solicit contributions in either the member's official or unofficial capacity.

You are concerned that, if Government Code section 467.025(a)(5) applies to a commissioner's unofficial conduct, the statute may violate the First Amendment to the United States Constitution. In essence, you suggest that section 467.025(a)(5) unconstitutionally may impinge upon a commissioner's right of free speech. We do not believe a court would find the statute facially unconstitutional for overbreadth or vagueness.

The United States Supreme Court has determined that the government has a special interest in regulating its employees' speech.[8] Nevertheless, to constitutionally regulate its employees' speech, the government successfully must balance the interests of an employee, as a citizen, "in commenting upon matters of public concern" against the "interest of the State, as an employer, in promoting the efficiency of the public services it performs through its employees."[9] We believe this rule applies also to the rights of officers of the government, particularly those who are appointed.

Thus, to determine whether section 467.025(a)(5) facially violates the constitution, we must balance the state's interest in legislation against the rights of an affected individual. Because such an issue is necessarily fact-bound, this office generally is unable to definitively resolve the issue absent definitive judicial guidance.[10] In this case, however, we believe the courts have provided sufficient directives, both regarding overbreadth and vagueness, so that we may resolve this issue as a matter of law.

---

[6]See Act of May 11, 1993, 73d Leg., R.S., ch. 284, § 1, 1993 Tex. Gen. Laws 1299, 1300. In 1983, the legislature had enacted a similar statute prohibiting a state employee from "coerc[ing], attempt[ing] to coerce, command[ing], restrict[ing], attempt[ing] to restrict, or prevent[ing]" a contribution for a political purpose. See Act of May 28, 1983, 68th Leg., R.S., ch. 579, § 3, 1983 Tex. Gen. Laws 3763, 3764, codified as Gov't Code § 556.004(a)(2).

[7]See Bauers, 865 F.2d at 1520.

[8]Pickering v. Board of Educ., 391 U.S. 563, 568 (1968).

[9]Id.

[10]See Attorney General Opinion DM-42 (1991) at 2-3.

We consider first whether the statute is overbroad. In *Broadrick v. Oklahoma* the United States Supreme Court considered a challenge to an Oklahoma statute forbidding a classified service employee to solicit or receive a "contribution for any political organization, candidacy, or other political purpose."[11] Appellants before the Court, Oklahoma classified service employees charged with actively engaging in partisan political activities among their coworkers for the benefit of their superior, contended that the statute "purports to reach protected, as well as unprotected conduct," and is therefore overbroad.[12] The Court disagreed.[13] According to the Court, particularly with regard to a statute that regulates conduct as well as speech, the statute is unconstitutionally overboard only if the overbreadth is substantial, "judged in relation to the statute's plainly legitimate sweep."[14] Absent substantial overbreadth, the Court continued, a court should not strike the statute in its entirety; rather, the court should cure the overbreadth on a case-by-case basis.[15]

Furthermore, the Court found, the Oklahoma State Personnel Board and Attorney General had construed the statute to prohibit only "clearly partisan political activity."[16] While the Court conceded that the provisions might be applied improperly to an activity such as the display of political buttons or bumper stickers, the Court concluded that the provision is "not substantially overbroad and is not, therefore, unconstitutional on its face."[17]

Similarly, courts have refused to strike a statute as unconstitutionally vague if "the ordinary person exercising ordinary common sense can sufficiently understand and comply. . . ."[18] Thus, a court will not strike as vague a statute, the terms of which plainly encompass "[t]he general class of offenses to which the provisions are directed . . . , even

---

[11]*Broadrick v. Oklahoma*, 413 U.S. 601, 605-06 (1973). We note that the statute at issue in *Broadrick* was not limited to a classified service employee's on-the-job or job-related conduct. *See id.* at 603 n.1, 605-06.

[12]*Id.* at 610.

[13]*Id.* at 615.

[14]*Id.*

[15]*Id.* at 615-16.

[16]*Id.* at 617.

[17]*Id.* at 618.

[18]*United States Civil Serv. Comm'n v. National Ass'n of Letter Carriers*, 413 U.S. 548, 579 (1973).

though marginal cases could be put where doubts might arise."[19]  In *United States Civil Service Commission v. National Association of Letter Carriers*, for example, the United States Supreme Court considered a constitutional challenge to a federal law[20] that prohibited a federal employee from actively participating "in political management or in political campaigns."[21]  The Court concluded that the statute was not impermissibly vague.[22]  Additionally, the Court determined that the statute was not substantially overbroad.[23]  Moreover, in that case the United States Supreme Court stated that Congress constitutionally may restrict the right of federal employees to solicit political contributions. The statute at issue in *National Association of Letter Carriers* did not distinguish between an employee's job-related and private conduct.[24]

In view of *Broadrick* and the other authorities cited above, we do not believe a court would find Government Code section 467.025(a)(5) unconstitutionally overbroad or vague on its face and as a matter of law.  Like the state's interest in regulating classified

---

[19]*Id.* (quoting *United States v. Harriss*, 347 U.S. 612, 618 (1954)).  Statutory vagueness is a concern under Fifth Amendment due-process principles.  *Id.* Because a vague statute may chill protected speech, however, vagueness is of heightened concern in statutes impinging on speech.  *See McNea v. Garey*, 434 F. Supp. 95, 106 (N.D. Ohio 1976).  "Where a statute's literal scope, unaided by a narrowing state court interpretation, is capable of reaching expression sheltered by the First Amendment, the [due-process] doctrine demands a greater degree of specificity that in other contexts." *Smith v. Goguen*, 415 U.S. 566, 573 (1974).

[20]5 U.S.C. § 7324(a) (amended 1993).  The portions of 5 U.S.C. § 7324(a) that the *National Association of Letter Carriers* Court quoted were omitted in the revisions to the Hatch Act made by section 2(a) of Pub. L. No. 103-94.

[21]*Id.* at 550.

[22]*Id.* at 579-80.

[23]*Id.* at 580.

[24]*See National Ass'n of Letter Carriers*, 413 U.S. at 550 (quoting 5 U.S.C. § 7324(a)(2), amended 1993).  In *National Association of Letter Carriers* the Court held that Congress may prevent federal employees from holding a party office, working at the polls, and acting a party paymaster for other party workers.  *Id.* at 556.  Thus, the statute at issue was valid.  *Id.* Furthermore, the Court stated that the statute would be valid even if it plainly and understandably forbade other partisan political activities, including "actively participating in fund-raising activities for a partisan candidate or political party." *Id.* As the court stated, "neither the First Amendment nor any other provision of the Constitution invalidates a law barring this kind of partisan political conduct by federal employees." *Id.*

The Supreme Court continued by summarizing the history of governmental restriction of its employees' partisan political activity.  *See id.* at 557-63.  According to the Court, that history goes back at least as far as Thomas Jefferson, who was, as president, disturbed by the political activities of some of the employees of the executive branch.  *Id.* at 557 (citing 10 J. RICHARDSON, MESSAGES AND PAPERS OF THE PRESIDENTS 98 (1899)).

civil service employees, discussed in *Broadrick*, we believe a court would find that the state has a heightened interest in restricting the political activities of commissioners. The commission has broad authority over state lotteries, as well as over state authorized bingo games.[25] The extent to which section 467.025(a)(5) may be overbroad or vague must be determined on a case-by-case basis.[26]

## S U M M A R Y

Government Code section 467.025(a)(5), providing that a member of the Texas Lottery Commission may not "directly or indirectly coerce, attempt to coerce, command, or advise a person to pay, lend, or contribute anything of value to another person for political purposes" applies to activities of commissioners both in their official and personal capacities. Section 467.025(a)(5) expressly prohibits a commissioner from advising a potential donor to contribute to a political cause, and it implicitly prohibits a commissioner from soliciting a contribution.

A court probably would not find section 467.025(a)(5) unconstitutional on its face and as a matter of law.

Yours very truly,

DAN MORALES
Attorney General of Texas

JORGE VEGA
First Assistant Attorney General

SARAH J. SHIRLEY
Chair, Opinion Committee

Prepared by Kymberly K. Oltrogge
Assistant Attorney General

---

[25]*See* Gov't Code § 467.101.

[26]*See Broadrick*, 413 U.S. at 615-16.